IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| JERRY WILLIAMS, | * |
| Plaintiff, | * |
| vs. | *  No. 4:15CV00654 SWW |
| UNION PACIFIC RAILROAD COMPANY, | * |
| Defendant. | * |

**OPINION AND ORDER**

Plaintiff Jerry Williams ("Williams") brings this action under the Federal Rail Safety Act ("FRSA"), 49 U.S.C. § 20109, against defendant Union Pacific Railroad Company ("Union Pacific"). He complains that in retaliation for engaging in protected activities, Union Pacific withheld him from service in 2014 after his doctor cleared him to return to work. Now before the Court is Union Pacific's motion for summary judgment, Williams's response in opposition, and Union Pacific's reply. After careful consideration, and for the reasons that follow, the Court finds Union Pacific's motion should be granted.

I.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary

judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing a genuine issue for trial.'" *Id.* at 587 (quoting Fed.R.Civ.P. 56(e)). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBA Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

II.

The following facts are undisputed.[1]  At all relevant times to this lawsuit, Williams was employed by Union Pacific as a machinist.  On May 11, 2011, Williams reported a work-related injury, claiming he hurt his low back while removing an aspirator tube from a locomotive.  He later filed a lawsuit against Union Pacific under the Federal Employees' Liability Act ("FELA") as a result of the injury.  After that injury, Williams returned to work on or about January 31, 2012.  He continued to work until October 16, 2013, when he took a one-week vacation and then called in sick for several weeks due to a "flare up" of low back pain.  Union Pacific put Williams on a medical leave of absence.

On December 3, 2013, Union Pacific sent Williams a letter requesting information to assess his ability to return to work. Union Pacific asked for information on Williams's current

---

[1] The undisputed facts are taken from Union Pacific's Statement of Undisputed Facts [ECF No.24] and Williams's Response to Union Pacific's Statement of Undisputed Facts [ECF No. 25] unless otherwise noted.

condition with level of function; anticipated return-to-work date; work restrictions or requirements with expiration date, if any; and prescription medications, if any.[2] In response, Williams provided a Union Pacific medical progress report dated December 17, 2013, signed by his neurosurgeon, Dr. Mason. Dr. Mason noted that he had not seen Williams since November 1, 2013. The report showed a "Full Duty Release Date" of December 26, 2013.[3]

On February 13, 2014, Union Pacific sent Williams another progress report to be completed by his physician.[4] Plaintiff Williams responded on February 24, 2014, by providing a medical progress report from Dr. Mason, dated February 17, 2014, listing restrictions and stating the same December 26, 2013, as the Full Duty Release Date. Dr. Mason again noted he had not seen Williams since November 1, 2013, and had released him. Plaintiff Williams also attached Dr. Mason's Progress Notes dated November 1, 2013.[5]

On March 13, 2014, Union Pacific's Health and Medical Services Department ("HMS") sent Williams a request for "[a]ll Office notes and procedure notes from 11/1/13 to current from all treating physicians." [6] HMS said it needed the records to make a fitness-for-duty determination, which is required before an employee who has been on a Medical Leave of Absence for 30 days or more may return to work.[7] In response, on March 20, 2014, the Malvern Family Medical Clinic faxed copies of notes from physical therapy sessions or prescription refill

---

[2]Union Pacific's Mot. Summ. J., Ex. A-3 (ECF No. 22-4).

[3]*Id*., Ex. A-1 (ECF No. 22-2).

[4]*Id*, Ex. A-4 (ECF No. 22-5).

[5]*Id*., Ex. A-5 (ECF No. 22-6).

[6]*Id*., Ex. A-6 (ECF No. 22-7).

[7]*Id*., Ex. D-2 (ECF 22-18)

3

calls dating October 24 , 2013 to February 6, 2014, as well as Dr. Mason's November 1, 2013, progress notes.[8]

On April 3, 2014, Williams faxed a letter to HMS, seeking to be returned to work, stating he had complied with every request for medical records and was cleared by his doctor for full duty release on December 26, 2013.[9] On June 9, 2014, the Malvern Family Medical Clinic faxed progress notes from Dr. Mason, who stated he saw Williams in his office on June 3, 2014, reviewed Williams's job description, and medically cleared him to return to his machinist position at Union Pacific.[10] On June 12, 2014, Williams and his supervisor signed a Union Pacific Return to Work form, stating that Williams could return to work June 11, 2014.[11]

Plaintiff Williams alleges that Union Pacific wrongfully prevented him from returning to work in retaliation for him reporting defects on locomotives, saying Union Pacific considered him a "troublemaker."[12] Union Pacific argues it is entitled to summary judgment because fitness-for-duty determinations are not cognizable under the FRSA and there is no evidence of retaliation.

III.

The FRSA prohibits Union Pacific from retaliating against an employee for engaging in a protected activity, including notifying it of a "work-related personal injury, 49 U.S.C. §

---

[8]*Id*., Ex. A-7 (ECF No. 22-8).

[9]*Id*., Ex. A-8 (ECF No. 22-9).

[10]*Id*., Ex. A-9 (ECF No. 22-10).

[11]*Id*., Ex. A-10 (ECF No. 22-11).

[12]*Id*., Ex. A (ECF No. 22-1) (Williams Dep.) at 32-33, 44,

20109(a)(4), or "reporting, in good faith, a hazardous safety or security condition." 49 U.S.C. § 20109(b)(1)(A).  Union Pacific argues it is entitled to summary judgment as a matter of law because fitness-for-duty disputes are not covered under the FRSA, which specifically provides that a railroad's refusal to permit an employee to return to work after medical treatment is lawful if done pursuant to the railroad's fitness-for-duty standards.  *See* 49 U.S.C. § 20901(c)(2).  Union Pacific says it followed its fitness-for-duty procedure when it required Williams to submit current medical records so that the Assistant Medical Director, Dr. John Charbonneau, could make an informed decision as to whether Williams could safely return to work.  Thus, it is entitled to the "safe harbor" set forth in the statute.

Citing *Rader v. Norfolk Southern Railway Co.*, No. 1:13cv298, 2016 WL 1241846 (E.D. Tenn., Feb. 10, 2016),  Williams argues the "safe-harbor" provision does not apply because the evidence supports a finding that retaliation was a contributing factor to Union Pacific's delay in returning him to duty.  In the *Rader* case, the plaintiff's physician returned him to work after a medical leave, the railroad's medical department returned him to work after a fitness-for-duty review, and it was the plaintiff's supervisor who refused to return him to work.  The court found the supervisor retaliated against the plaintiff.  Here, once the medical department received current information from Williams's doctor, Union Pacific returned him to work.

Plaintiff Williams argues that Union Pacific never explained to him what additional medical information it needed, never told him he needed to go back to see Dr. Mason, and did not follow the normal procedure in determining his fitness for duty to return to work.  The Court finds Williams presents no evidence to create a genuine issue of fact as to whether Union Pacific followed its fitness-for-duty procedure.  The record is clear that Union Pacific requested updated

5

medical information on numerous occasions, including by mail, phone calls, and voice mail. Once Williams submitted current information on his medical condition, Union Pacific returned him to work.

Even if Williams's claim were covered under the FRSA, Union Pacific argues that Williams cannot establish retaliation. To establish a *prima facie* case of retaliation, Williams must show that "(I) he engaged in a protected activity; (ii) Union Pacific knew or suspected, actually or constructively, that he engaged in the protected activity; (iii) he suffered an adverse action; and (iv) the circumstances raise an inference that the protected activity was a contributing factor in the adverse action." *Kuduk v. BNSF Ry. Co.*, 768 F.3d 786, 789 (8th Cir.2014); 49 U.S.C. §§ 20109(d)(2)(A)(I) and 42121(b)(2)(B)(I). Once Williams makes a showing that the protected activity was a "contributing factor" to the adverse employment action, the burden shifts to Union Pacific to demonstrate "by clear and convincing evidence, that the employer would have taken the same unfavorable personnel action in the absence of that behavior." 49 U.S.C. § 42121(b)(2)(B)(ii).

Union Pacific asserts Williams cannot show a causal link between his alleged protected acts and the adverse employment action. The railroad points out that there is a two-year gap between the time Williams reported an injury in May 2011 and alleged safety defects on locomotives prior to January 2012 and the adverse action in January 2014. Union Pacific argues further that Williams cannot show that the decision-maker, Dr. Charbonneau, was aware that Williams had reported an injury in 2011, had filed a FELA lawsuit, and had reported safety defects.[13] Lastly, Union Pacific asserts it would have handled Williams's fitness-for-duty review

---

[13]*Id*., Ex. E (Charbonneau Dep.) at 113-14.

the same, regardless of any protected activity.

While it appears that Williams believed his physician, Dr. Mason, had released him to return to work, the medical progress report listed several restrictions and Dr. Mason had not seen Williams since November 1, 2013.[14] Dr. Charbonneau sought more information pursuant to Union Pacific's standard fitness-for-duty review. The medical progress reports Williams provided in December 2013 and February 2014 were unclear as to whether restrictions were listed. Mr. Dan Fischer, Union Pacific's Regional Manager, Disability Prevention and Management, testified he repeatedly called Williams. Because Williams never answered his telephone, Fischer left messages, explaining what was needed and/or asking Williams to contact him.[15] Once Williams provided current and adequate medical evidence from his physician, Union Pacific cleared him to work the next day.

The Court finds Williams has failed to come forward with specific facts showing a genuine issue for trial. He presents no evidence that his reporting of an injury in 2011 and reports years earlier about defects on locomotives are related or linked to Union Pacific's failure to return Williams to work in December 2013 or that the decision-maker was aware of his protected activities. There is no genuine issue of fact in dispute as to whether Union Pacific would have done the same regardless of Williams's protected activity.

IV.

For the reasons stated, the Court finds that Union Pacific's motion for summary judgment (ECF No. 22) should be and it is hereby granted. Pursuant to the judgment entered together with

---

[14] *Id.*, Ex. E (Charbonneau Dep.) at 48-49.

[15] *Id.*, Ex. B (Fischer Aff.).

this order, this action is dismissed with prejudice.

      IT IS SO ORDERED this 21st day of December, 2016.

                                                      /s/Susan Webber Wright

                                                    UNITED STATES DISTRICT JUDGE